14-1222-cr
United States v. Taher

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*,
                    EDWARD R. KORMAN,
                            *District Judge*.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

                    v.                                                  No. 14-1222-cr

MOHAMED TAHER, AKA BEETLE,

                    *Defendant-Appellant*.**

-------------------------------------------------------------------

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

** The Clerk of Court is directed to amend the official caption to conform with the above.

FOR APPELLEE:    FRANK T. PIMENTEL, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY.

FOR APPELLANT:    RANDA D. MAHER, Law Office of Randa D. Maher, Great Neck, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Mohamed Taher appeals from an April 7, 2014 judgment of the District Court (Skretny, J.) convicting him, following a jury trial, of engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; making a false statement, in violation of 18 U.S.C. § 1001(a)(2); and committing aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1.    Taher's CCE Conviction

Taher argues that his conviction on the CCE count should be reversed for three reasons.

First, Taher contends that while the indictment charged him with participating in a single conspiracy, the Government in fact proved two conspiracies—one involving the importation of large quantities of marijuana from Canada, and one involving the distribution of small quantities of marijuana in the United States. "Whether the [G]overnment has proven the existence of the conspiracy charged in the indictment and each defendant's membership in it, or, instead, has proven several independent conspiracies is a question of fact for a properly instructed jury." United States v. Johansen, 56 F.3d 347, 350 (2d Cir. 1995). Here, the District Court properly instructed the jury on the difference between a single conspiracy and multiple conspiracies, namely, that (1) it "cannot find any defendant guilty of the single conspiracies charged in the indictment" if it finds that those conspiracies did not exist, and (2) "[p]roof of several separate and independent conspiracies is not proof of the single overall conspiracy charged in the indictment." Joint App'x 209–10. The evidence was sufficient to sustain the jury's finding of a single conspiracy. And even assuming that the Government proved two conspiracies, there was no substantial prejudice to Taher, who was proven to be a central figure in both conspiracies. See Johansen, 56 F.3d at 351.

3

Second, relying on <u>Richardson v. United States</u>, 526 U.S. 813, 817–18, 824 (1999), which requires that the jury agree unanimously on each of the violations constituting a "continuing series of violations," 21 U.S.C. § 848(c)(2), Taher challenges his conviction on the ground that the jury might have impermissibly found him in violation of 21 U.S.C. § 843(b) (which he alleges was improperly charged and unsupported by the evidence at trial), or of other uncharged crimes. Because Taher raises these claims for the first time on appeal, we review them for plain error. <u>United States v. Cacace</u>, 796 F.3d 176, 190 (2d Cir. 2015). We have recognized that a <u>Richardson</u> violation is harmless when "the jury would nonetheless have returned the same verdict of guilty." <u>Monsanto v. United States</u>, 348 F.3d 345, 350 (2d Cir. 2003) (quotation marks omitted). Here, there was ample evidence to support the jury's verdict and no reason to doubt that the jury would have returned a guilty verdict on the CCE count regardless of whether the District Court had been clearer that the jury could not consider crimes not mentioned in the indictment. Even assuming <u>arguendo</u> that Taher's conviction on the CCE count violates <u>Richardson</u> under these circumstances, we conclude that any error was harmless beyond a reasonable doubt. <u>See</u> <u>id.</u> at 349 & n.4, 351.

Third, Taher argues that the jury might impermissibly have counted individuals who, for lack of evidence, could not be included among the necessary five individuals that Taher organized, supervised, or managed. But sufficient evidence existed for the jury to find that Taher supervised at least six other individuals, and Taher requested neither a special interrogatory nor an instruction that would have limited the jury's consideration to specified individuals on this issue. We therefore reject his argument. See United States v. Roman, 870 F.2d 65, 72–73 (2d Cir. 1989).

## 2. Taher's Other Arguments

Taher also raises a number of issues relating to the District Court's evidentiary rulings and conduct at trial. Based on a review of the record, we reject his argument that the District Court clearly erred in finding that he was not in custody when he made statements to law enforcement officers and in admitting those statements. Nor did the District Court abuse its discretion in denying a mistrial after an isolated instance in which a witness inadvertently revealed that Taher "went to jail" instead of using the phrase "became unavailable." See United States v. Deandrade, 600 F.3d 115, 119 (2d Cir. 2010). Finally, the District Court did not abuse its discretion in its instructions to the

jury after Taher attempted to communicate with the jury by holding up a note during the trial.  See United States v. Farhane, 634 F.3d 127, 168–69 (2d Cir. 2011). Furthermore, the District Court's statements were prompted in part by the efforts of Taher's own counsel, who requested additional instruction to ensure that the jury not consider the fact that the court had even made an inquiry.

We have considered all of Taher's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court